**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\* \* \***

UNITED STATES OF AMERICA,   )   Case No.: 2:10-cr-00172-RLH-GWF
             )
      Plaintiff,   )    **O R D E R**
             )
  vs.         )   (Motion to Vacate – #258
             )   Motions for Leave – #268, #269)
MOSHE BARMUHA,      )
             )
      Defendant.  )
_____)

     Before the Court is Defendant Moshe Barmuha's ("Barmuha") **Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody** (#258) ("Motion") filed on October 27, 2014.  Pursuant to this Court's Order (#261) the United States filed an opposition (#264) on December 10, 2014.  Barmuha filed a reply (#267) on January 20, 2015.  The Court has also considered Barmuha's motions for Request for Leave to File a Memorandum in Support of a Motion Under § 2255 (#268, filed on January 20, 2015; #269, filed on January 23, 2015).

**BACKGROUND**

     Barmuha was indicted on August 31, 2010, for conspiracy, interference with commerce by threat, and interstate and foreign travel in aid of racketeering.  (Dkt. #99, Second

Superceding Indictment.)  On or about March 1, 2010,  Barmuha and the United States entered into a plea agreement in which Barmuha agreed to plead guilty to conspiracy to interfere with commerce by threats and violence (Count Two) and interstate and foreign travel in aid of racketeering enterprises and aiding and abetting (Count Six) in exchange for the United States' agreement to dismiss the remaining counts.  (Dkt. #178, Plea Mem.)  On August 15, 2011, Barmuha pleaded guilty to Counts Two and Six of the indictment pursuant to the plea agreement. The Pre-Sentence Investigation Report (PSR) was disclosed on or about July 21, 2011.

At the sentencing hearing on December 15, 2011, Barmuha's attorney, David Kenner ("Kenner"), indicated that Barmuha wished to withdraw his guilty pleas.  According to Kenner, although the plea agreement was translated to Barmuha's native language of Hebrew, he may not have understood "conceptually" what the words meant.  (Dkt. #251 at 3-4, Rep. Tr. of Scheduled Sent'g Hr'g.)  The Court rescheduled the sentencing hearing to permit Kenner to further consult with Barmuha and determine if there was a conflict of interest.  Kenner subsequently filed a motion to withdraw as counsel.  (Dkt. # 218, filed on January 17, 2012.)

On January 26, 2012, at a hearing on the motion to withdraw, Kenner reiterated that the plea agreement was translated to Hebrew.  (Dkt. #241 at 8-10, Rep. Tr. of Mot. Hr'g.)  Kenner also stated that he believed he thoroughly explained the plea agreement.  (*Id*. at 19.)  However, Kenner indicated that Barmuha may not have understood the translation with respect to the sentencing calculations.  (*See id*. at 7-10.)  The Court rejected Kenner's suggestion that a Hebrew-speaking mental health professional should evaluate Barmuha's ability to understand the plea agreement as it was translated to Hebrew.  (*Id*. at 16-17.)  Finally, the Court denied Kenner's motion to withdraw finding there was no basis for it.  (*Id*. at 22.)

On February 17, 2012, the Court adjudicated Barmuha guilty of Counts Two and Six of the indictment and imposed concurrent prison sentences of 92 months (count two) and 60 months (count six).  Barmuha subsequently appealed his conviction and sentence arguing, in part, that the Court abused its discretion by not allowing him to withdraw his guilty pleas because he

AO 72
(Rev. 8/82)

did not understand the severity of the sentence.  *U.S. v. Barmuha*, 584 Fed.Appx. 773, 774-75 (9th Cir. 2014).  On September 11, 2014, the Ninth Circuit Court of Appeals affirmed Barmuha's conviction and sentence.  (*Id*.)

Barmuha now appears *pro se* and moves this Court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.  As grounds to set aside the judgment, Barmuha claims: (1) he received ineffective assistance of counsel in violation of the Sixth Amendment; (2) his plea agreement was not knowing or intelligent; (3) he was denied access to a psychologist or psychiatrist to determine if he was capable of understanding the plea agreement in violation of the Fifth Amendment; and (4) the Court failed to recognize, or to take proper action to rectify, his competency and communication issues in violation of the Sixth Amendment.

## DISCUSSION

## I.    Requests for Leave (#268, #269)

In connection with his filing of the Reply, Barmuha filed a motion for Request for Leave to File a Memorandum in Support of a Motion Under § 2255 (#268, filed on January 20, 2015).  Barmuha's purpose for requesting leave was to "effectively articulate his claims and the grounds in support of those claims."  (*Id*.)  Barmuha filed a second Request for Leave (#269) on January 23, 2015, asking to file an affidavit in Hebrew "to explain his claims in his native language in order to make his claims clearer to the plaintiff and Court."  Filed along with the motion was a three-page Affidavit written in Hebrew (#269-1).  The Court obtained a translation of the Affidavit.

As an initial matter, the Court denies Barmuha's first Request for Leave ( #268) as moot because Barmuha makes the same request in his second Request for Leave (#269).  To the extent Barmuha intended the Affidavit to be the "memorandum" in support of his § 2255 Motion, the Court will grant the Request for Leave (#269).  However, beyond the Affidavit, the Court will not permit further briefing to support the Motion.  The Court fully understands the bases for Barmuha's Motion and finds no need to expound them further.  Additional briefing to more

AO 72
(Rev. 8/82)

1    effectively articulate the claims would be futile and the Court therefore denies further briefing.

2    *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (noting an amendment is

3    futile when "the allegations of other facts consistent with the challenged pleading could not

4    possibly cure the deficiency").

5    **II.    Legal Standard**

6           A federal prisoner may move the sentencing court to vacate his sentence if the

7    sentence "was imposed in violation of the Constitution or laws of the United States," or "was in

8    excess of the maximum authorized by law." 28 U.S.C. § 2255.  Section 2255 relief should be

9    granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v.*

10   *United States*, 417 U.S. 333, 345 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

11   When evaluating a § 2255 motion, a court must hold an evidentiary hearing unless "the motion

12   and the files and records of the case conclusively show that the prisoner is entitled to no relief."

13   28 U.S.C. § 2255.  If a court conducts an evidentiary hearing, it must also appoint counsel.  Rule

14   8(c) of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255; *United States v.*

15   *Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995).

16          For the reasons discussed below, Barmuha's Motion is denied in its entirety.

17   Moreover, because the Court finds Barmuha is not entitled to relief, an evidentiary hearing is

18   unnecessary and Barmuha is not entitled to counsel.  (*See* Dkt. #263, filed November 13, 2014.)

19   **III.    Waiver of Right to Collateral Challenge**

20          The threshold issue raised by Barmuha's Motion is whether his claims are barred by

21   waiver.  Waivers limiting the right of a defendant to challenge his sentence or conviction may arise

22   either from the entry of an unconditional guilty plea or as a result of an express waiver contained

23   in the plea agreement.  Subject to several well established exceptions, courts will enforce a

24   defendant's waiver of his right to challenge his conviction or sentence if (1) the language in the

25   waiver encompasses the grounds upon which the challenge is asserted, and (2) "the waiver is

26   knowing and voluntarily made." *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000).

1    Here, Barmuha expressly waived his right to collaterally challenge his conviction or

2  sentence as part of his negotiated plea agreement, except as to claims of ineffective assistance of

3  counsel.  Specifically, the plea agreement contained the following provision:

4         In exchange for concessions made by the United States in this agreement,
       the defendant voluntarily and knowingly waives the following rights: . . . (c)
5         his right to bring any collateral challenge, including any claims under 28
       U.S.C. § 2255, to his conviction(s), sentence(s) and the procedure by which
6         the court adjudicated guilt and imposed sentence, except non-waivable
       claims of ineffective assistance of counsel.

7

8  (Dkt. #178 at 8, Plea Mem.)  Although Barmuha now alleges the "plea agreement was not

9  knowing or intelligent," he focuses entirely on his alleged misunderstanding of how the Court

10  would determine his sentence.  (*See* Dkt. #258 at 6.)  Furthermore, as fully discussed, *supra*, the

11  Court found that Barmuha understood the plea agreement and that he knowingly and voluntarily

12  entered the guilty pleas.

13    Barmuha's primary allegation, as construed by the Court, is that his guilty pleas

14  were not knowing and intelligent based on ineffective assistance of counsel.  This claim is not

15  waived.  However, to the extent that Barmuha attempts to raise other Constitutional claims, he has

16  waived the right to do so.  Accordingly, Barmuha is not entitled to § 2255 relief on the Fifth

17  Amendment Due Process and Sixth Amendment "right to protection by judge" claims raised in

18  Grounds Three and Four of his Motion.

19  **IV.    Ineffective Assistance of Counsel (Grounds One and Two)**

20    Barmuha moves to vacate his conviction because he received ineffective assistance

21  of counsel in violation of the Sixth Amendment.  "[I]t is well settled that an unconditional guilty

22  plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all

23  antecedent constitutional defects." *United States v. Lopez Armenta*, 400 F.3d 1173, 1175 (9th Cir.

24  2005) (citation omitted).  Thus, when a criminal defendant pleads guilty and then seeks to

25  collaterally attack the judgment, "he may only attack the voluntary and intelligent character of the

26  guilty plea by showing that the advice he received from counsel" was not "within the range of

5

1  competence demanded of attorneys in criminal cases." *Tollett v. Henderson*, 411 U.S. 258, 266-67

2  (1973) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

3          The range of competence demanded of attorneys in criminal cases is determined by

4  the two-pronged test defined in *Strickland v. Washington*, 466 U.S. 668 (1984).  To satisfy the first

5  prong, the § 2255 movant must demonstrate that counsel's conduct was constitutionally deficient

6  such that it fell below an objective standard of reasonableness.  *Id*. at 688.  In evaluating counsel's

7  performance, courts must not engage in the distorting analysis of hindsight; rather, they must

8  evaluate the reasonableness of counsel's performance within the context of the circumstances at

9  the time of the alleged errors.  *Id*. at 690.  Further, because counsel's competence is presumed, a

10  movant must rebut this presumption by proving that his counsel's representation was unreasonable

11  under prevailing professional norms.  *See Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).

12          To satisfy the second prong, the movant must demonstrate that counsel's deficient

13  performance prejudiced him.  *Strickland*, 466 U.S. at 691-92.  To demonstrate prejudice in the

14  context of guilty pleas, the defendant must show "that there is a reasonable probability that, but for

15  counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill

16  v. Lockhart*, 474 U.S. 52, 59 (1985).  This reasoned probability of a different result must rest on

17  record evidence, not conjecture or speculation. *See Gonzalez v. Knowles*, 515 F.3d 1006, 1015-16

18  (9th Cir. 2008).  The burden is undoubtedly on the movant and unless he proves both prongs, his

19  claims fail.  *See Strickland*, 466 U.S. at 687.

20          Barmuha claims that Kenner "failed to thoroughly explain the plea agreement and

21  the ramifications of not accepting it" and that, because he did not understand the plea agreement,

22  his guilty pleas were not knowing or intelligent.  (Dkt. #258 at 5-6.)  Specifically, Barmuha alleges

23  that the contents and wording of the plea agreement and the PSR were never conveyed to him in

24  Hebrew and that Kenner never explained or discussed these documents with him in the presence of

25  a Hebrew interpreter.  (Dkt. #267 at 2; Dkt. #269-1 at 1-2.)  Additionally, Barmuha claims that

26  Kenner told him the Court would only impose a maximum sentence of 51 months imprisonment

1    and never discussed with Barmuha the possibility that he could receive a longer sentence of

2    imprisonment.  (Dkt. #269-1 at 1.)   Finally, Barmuha alleges that Kenner instructed him to answer

3    all of the Court's questions in the affirmative and that a combination of this and his language

4    barrier "led him to put unwarranted trust into his counsel."  (Dkt. #267 at 3; Dkt. #269-1 at 2.)

5             The Court is not persuaded that Kenner's alleged errors constitute deficient

6    performance.  Not only are Barmuha's assertions belied by the record, but he also fails to

7    overcome the strong presumption of verity applied to his solemn declarations in open court.  *U.S.*

8    *v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir. 1987) (quoting *United States v. Moore*, 599 F.2d 310,

9    314 (9th Cir. 1979)).  Kenner represented to the Court on at least two occasions that the plea

10   agreement was translated to Hebrew.  (*See* Dkt #251 at 3, Rep. Tr. of Scheduled Sent'g Hr'g; Dkt.

11   #241 at 13, Rep. Tr. of Mot. Hr'g.)  There is no reason to disbelieve Kenner's representations in

12   light of the fact that Barmuha affirmed under oath that he desired to enter into the plea agreement,

13   that it was translated to Hebrew, that he discussed it with Kenner, that he understood it, and that he

14   signed it.[1]  (Dkt. #240 at 13-14, 20, Rep. Tr. of Change of Plea Hr'g.)  Barmuha also affirmed that

15   he discussed the sentencing guidelines with Kenner and indicated that he understood the Court

16   would not be able to determine the guidelines until after the PSR was prepared.  (*Id*. at 20-21.)

17   Additionally, the Government's Attorney proffered a detailed description of the plea agreement in

18   open court, which was simultaneously interpreted from English-to-Hebrew by an interpreter of

19   Barmuha's own choosing.  Barmuha assured the Court that he understood the plea agreement and

20   that he wished to enter into it.

21             Furthermore, the Court conducted an extensive plea colloquy and determined that,

22   based upon Barmuha's responses to questions and the Court's observations of him, Barmuha

23   understood the nature and consequences of the proceeding and that his guilty pleas were knowing

24   and voluntary.  *See Godinez v. Moran*, 509 U.S. 389, 401 n. 12 (1993) ("The purpose of the

25   _____

26        [1]  Barmuha likewise affirmed under oath that the PSR was translated in Hebrew and
     that Kenner discussed it with him.  (Dkt. #242 at 4-5,  Rep. Tr. of Sent'g Hr'g.)

7

AO 72
(Rev. 8/82)

1   knowing and voluntary inquiry . . . is to determine whether the defendant actually *does* understand

2   the significance and consequences of a particular decision and whether the decision is

3   uncoerced.").  Specifically with respect to the sentence, the Court advised Barmuha: (1) the

4   maximum penalty for each crime; (2) the Court could impose a more severe sentence than

5   recommended by the sentencing guidelines; and (3) the plea agreement was not binding on the

6   Court and that the Court could impose a more severe sentence than called for by the plea

7   agreement, which anticipated a range of 41-105 months of imprisonment.  (Dkt. #240 at 11-12, 20-

8   21, Rep. Tr. of Change of Plea Hr'g.)  Barmuha affirmed that he understood each and every one of

9   these provisions.  Finally, Barmuha affirmed that he was satisfied with his attorney, whom he

10  hired, and that he was pleading guilty freely and voluntarily.  (*Id*. at 24.)

11          Based upon Barmuha's representations at his change of plea hearing, the Court

12  finds that Kenner's performance did not fall below an objective standard of reasonableness.

13  Beyond contradicting the record, Barmuha does not provide any compelling reason why the Court

14  should question the verity of his declarations in open court.  Barmuha appears to argue that the

15  Court should have required Kenner to provide written proof that the plea agreement was translated.

16  (Dkt. #267 at 2.)  However, the circumstances of this case were not sufficiently complex to require

17  proof of a written translation of the plea agreement.  *See U.S. v. Ki Chong Yoo*, No. 2:10-cr-203,

18  2014 WL279611, at *4 n. 3 (D. Nev. Jan. 23, 2014) (noting an interpreter's oral recitations of a

19  document's contents are generally sufficient).  To the extent that Kenner did not adequately

20  convey the plea agreement's provisions, any deficiency was cured during the change of plea

21  hearing when Barmuha received simultaneous Hebrew interpretation of the plea agreement.

22  Furthermore, Barmuha's assertion that he answered the Court's questions in the affirmative based

23  on Kenner's instruction is not a sufficiently compelling reason to question his sworn testimony.

24  *See United States v. Henry*, 933 F.2d 553, 561 (7th Cir. 1991).  Notably, Barmuha does not allege

25  that a communication barrier prevented him from understanding the Court's and parties' words as

26  conveyed to him in Hebrew at the change of plea hearing.

AO 72
(Rev. 8/82)

1    Barmuha's claim that he would not have pleaded guilty if he had been provided

2    adequate translation services is also not credible.  (Dkt. #267 at 3.)  Not only did Barmuha allege

3    this for the first time in his Reply, but he has failed to show there is a reasonable probability he

4    would have elected to proceed to trial on all six counts in the indictment, rather than accept a plea

5    agreement.  Consequently, because Barmuha had not satisfied either of *Strickland*'s prongs, the

6    Court rejects Barmuha's assertion that his guilty plea was rendered not knowing or intelligent due

7    to ineffective assistance of counsel.

8    **V.    Competency (Grounds Three and Four)**

9    Although the Court determined that Barmuha waived his right to collaterally

10   challenge his remaining claims, the Court will nevertheless discuss their merits.  A criminal

11   defendant may not plead guilty unless he does so "competently and intelligently."  *Godinez*, 509

12   U.S. at 396.  The standard for competence to plead guilty is whether the defendant has "sufficient

13   present ability to consult with his lawyer with a reasonable degree of rational understanding" and

14   has a "rational as well as factual understanding of the proceedings against him."  *Id.*

15   Here, Barmuha argues that his Fifth and Sixth Amendment rights were violated

16   when he was "denied access to a psychologist or psychiatrist to determine if he was competent

17   [sic] or capable of understanding the complexity of the plea agreement."  (Dkt. #258 at 7-8.)

18   However, the Court specifically found that Barmuha was competent to plead guilty before he

19   entered the guilty pleas.  (Dkt. #240 at 5-7, Rep. Tr. of Change of Plea Hr'g.)  Barmuha affirmed

20   under oath that he understood what was happening at the proceeding and that nothing otherwise

21   interfered with his ability to understand.  (*Id.* at 6-7.)

22   To demonstrate incompetence, Barmuha now attempts to use Kenner's

23   representations at hearings (occurring after the Court accepted his guilty pleas) that Barmuha

24   heard the Hebrew translation of the plea agreement, but may not have conceptually understood the

25   words.  Notably, Barmuha has not identified any mental defect that prevented him from

26   understanding the plea agreement as translated to Hebrew.  The Court sees no other interpretation

9

1   of the plea agreement's words — as translated to Hebrew, explained by Kenner, and interpreted in

2   open court — other than the plain meaning.  Furthermore, the Court concluded that there was no

3   evidence that Barmuha had any problem with his ability to understand generally.  (Dkt. #241 at 17,

4   Rep. Tr. of Mot. Hr'g.)  Because the Court had no reason to doubt Barmuha's competence to

5   consult with Kenner or understand the proceedings, a competency hearing was not required.[2]  *See*

6   *Godinez*, 509 U.S. at 401 n. 13 (citing *Drope v. Missouri*, 420 U.S. 162, 180-81 (1975)).

7   Consequently, the Court rejects Barmuha's assertion that his Constitutional rights were violated

8   because his competency was not evaluated.

9   **VI.     Certificate of Appealability**

10          Where a district court denied relief on a motion under § 2255, "the petitioner may

11   not appeal that denial without first obtaining a certificate of appealability pursuant to 28 U.S.C. §

12   2253(c)(1)(B); *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011).  To obtain a

13   certificate of appealability, the petitioner must make "a substantial showing of the denial of a

14   constitutional right" of each challenged issue.  28 U.S.C. § 2253(c)(2), (3).  To make a substantial

15   showing, the petitioner must establish that "reasonable jurists could debate whether . . . the

16   petition should have been resolved in a different manner or that the issues presented were adequate

17   to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)

18   (citation and internal quotation marks omitted).  In the instant case, as explained above, Barmuha

19   fails to make a substantial showing that he was denied a constitutional right.  Accordingly, the

20   Court declines to issue a certificate of appealability.

21   .   .   .   .

22

23          [2] To the extent Barmuha argues he received ineffective assistance of counsel because
     Kenner did not have his competency evaluated before counseling him to plead guilty, the
24   Court also rejects this claim.  "Trial counsel has a duty to investigate a defendant's mental
     state if there is evidence to suggest that the defendant is impaired." *Douglas v. Woodford*, 316
25   F.3d 1079, 1085 (9th Cir. 2003).  Here, a reasonable attorney would not have investigated
     Barmuha's mental state prior to advising him to enter into the plea agreement because there
26   was no evidence to suggest Barmuha was impaired or unable to communicate.

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Barmuha's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#258) is DENIED.

IT IS FURTHER ORDERED that Barmuha's motion for Request for Leave to File a Memorandum in Support of a Motion Under § 2255 (#269) is GRANTED, but limited to the Affidavit filed on January 23, 2015 (Dkt. #269-1). Barmuha's motion for Request for Leave to File a Memorandum in Support of a Motion Under § 2255 (#268) is DENIED as moot.

Dated: February 9, 2015.

ROGER L. HUNT
**United States District Judge**

AO 72
(Rev. 8/82)